MARY A. BUCKINGHAM, Executrix, *v.* J. S. NELSON.

1. REALTY: INTEREST OF HEIRS CANNOT BE AFFECTED BY JUDGMENT AGAINST EXECUTRIX. — On the death of a person his real estate descends to his heirs-at-law, and their interest in it cannot be divested by a proceeding at law against the executrix.

2. HOMESTEAD EXEMPTIONS: LIEN FOR PURCHASE-MONEY: ENFORCEMENT OF. — The statute (Rev. Code, art. 284, p. 530) provides that "NO PROPERTY *is exempt when the purchase-money forms in whole or in part the debt on which the judgment is founded,*" but such judgment must be against the *purchaser ;* and if against his *executrix only,* when the property purchased is real estate, it cannot be enforced under this statute by the sale of the property.

3. HIGH COURT: AMENDMENT AND CORRECTION OF INFORMAL JUDGMENTS OF INFERIOR COURTS. — The High Court will amend informal judgments by supplying clerical omissions of the court below, and enter up proper judgments in such cases.

ERROR to the Circuit Court of Chickasaw county. Hon. W. D. Bradford, judge.

On the 10th day of October, 1866, a summons issued from the Circuit Court of Chickasaw county against Mary A. Buckingham, executrix, at the complaint of J. S. Nelson, returnable to the October Term of said court. The summons was returned executed 17th October, 1866.

At the October Term, 1866, of the court plaintiff filed his declaration against "Mary A. Buckingham, executrix of the estate of Thomas E. Buckingham, deceased," averring that she is justly indebted to him (plaintiff) in the sum of $866.66 as executrix aforesaid, evidenced by two promissory notes of said decedent, both executed 3d November, 1858, payable to Jesse D.

Taylor and Mary Ann Taylor, or bearer, for $433.33 *each*, one payable in two, the other in three years after date, "*for value received, to wit: for the house and premises whereon she now resides, situated in the town of Okalona*, county and State aforesaid, and known as '*Hill Lot*,' in Sec. 27, Township 12, Range 5, East," etc., giving metes and bounds, and referring to copy of the notes filed, with declaration as a part of it; concluding with prayer for judgment, etc.

No plea was filed by the defendant.

The following judgment was rendered in the case:

"This day came on to be considered the above-stated cause, and the defendant being solemnly called, came not, but wholly made default. It is therefore considered by the court, and so ordered and decreed, that said plaintiff J. S. Nelson do have and recover of the said defendant, M. A. Buckingham, as executrix of the estate of Thomas E. Buckingham, deceased, the sum of eight hundred and sixty-six and $\frac{66}{100}$ dollars ($866.66) debt, and six hundred and thirty-two $\frac{48}{100}$ ($632.48) dollars damages in that behalf, for which, as well as the cost in this behalf expended, execution shall issue. And it appearing from the evidence of debt in this cause that the same is given to secure the payment of a balance of purchase-money upon the sale of a certain lot in the town of Okalona, known as the '*Hill Lot*,' situated in Sec. 27, Township 12, Range 5, East, commencing at the south-east corner of Shannon's lot, running west 201 yards and one foot, thence north 264 yards, thence east 201 yards and one foot, thence south to the beginning, containing eleven acres or thereabouts, located in the county of Chickasaw, State of Mississippi, upon which, among other property, the sheriff may levy said execution."

*Houston & Reynolds* for plaintiff in error.

*Orr* for defendant in error.

SHACKELFORD, C.J., delivered the opinion of the court.

This was an action of assumpsit instituted against the plaintiff in error by the defendant in error, upon two promissory notes

executed and delivered by Thomas E. Buckingham to Jesse D. Taylor and Mary Ann Taylor, payable to them, or bearer.

It is alleged in the declaration that the defendant in error is the holder and owner of the said notes; it is further alleged therein that the consideration of said notes is a house and lot sold by the Taylors to said Thomas E. Buckingham, upon which the plaintiff in error was residing at the time of the institution of the suit.

There was a judgment by default against the executrix of the said Thomas E. Buckingham, for the amount of the notes and interest.

To reverse this judgment the executrix has prosecuted this writ of error.

There are four assignments of error. The first and second assignments we shall consider together, as they are substantially the same, the same questions being raised and presented in each; that the judgment by default against the plaintiff in error, so far as it directs the sheriff to levy upon the real estate of the deceased—the lot said to be the consideration of the notes—was erroneous, because the heirs of Thomas E. Buckingham were not made parties to the action at law, and that the proceedings, to subject the real estate, should have been in chancery.

On the death of Thomas E. Buckingham, the real estate mentioned in the declaration as the consideration of the notes sued on, passed to the heirs-at-law of the deceased.

They certainly could not be divested of that interest by a proceeding at law against the executrix.

But it is insisted by counsel for the defendant in error, that "no property is exempt when the purchase-money forms in whole or in part the debt on which the judgment is founded" (Revised Code, p. 530, art. 284); and therefore the recitation (complained of) in the judgment is correct.

This position is untenable in the case presented by the record.

If the judgment had been against the purchaser, Thomas E. Buckingham, he certainly could not set up the exemption of a homestead from execution, in the property constituting the consideration of the debt upon which this judgment was rendered;

there is no question about a homestead in the case under consideration, and the provisions of the statute referred to by counsel have no bearing upon the case.

For these reasons we think these assignments of error are well taken.

The third assignment of error is, that the judgment is erroneous, because it is rendered against the plaintiff in error "as executrix," and the words "that it be levied of the goods and chattels of the said Thomas E. Buckingham in the hands of the said M. A. Buckingham, executrix," etc.

The judgment is against "M. A. Buckingham, as executrix of the estate of Thomas E. Buckingham, deceased," etc.

This judgment cannot be considered a judgment against the plaintiff in error in her individual capacity; no execution could issue upon it against her personal or individual effects; it could only be levied upon the assets of the estate in her hands, this court having held such a judgment not to be erroneous. *Howcott et al.* v. *Collins et al.*, 28 Miss. 398.

This omission of the clerk to make the proper addition to the judgment, even if it were sufficient cause for reversal, can be supplied here by amendment. *Hill et al.* v. *Robeson*, 2 S. & M. p. 541.

The fourth assignment of error is disposed of by the disposition of the first and second assignments of error, for the reasons given in our determination of the first and second assignments. The judgment must be reversed, and the proper judgment will be entered in this court against the plaintiff in error, in her representative capacity, to be levied of the goods and chattels only of the testator, Thomas E. Buckingham, etc.