## WATKINS *v.* BLASS.

(Division B. Jan. 16, 1933. Suggestion of Error Overruled Feb. 13, 1933.)

[145 So. 348. No. 30348.]

**Z. A. Brantley,** of Louisville, for appellant.

**Rodgers & Prisock,** of Louisville, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action of replevin in the court of a justice of the peace of Winston county against appellant to recover a secondhand Ford automobile. There was a trial and judgment in that court in appellant's favor. From that judgment appellee appealed to the circuit court, where the trial resulted in a verdict and judgment in appellee's favor. From that judgment, appellant prosecutes this appeal.

The only question of sufficient seriousness to call for a discussion by the court is whether or not appellant is entitled to a reversal of the judgment and a new trial upon the ground that appellee recovered five dollars more than he sued for. The facts necessary to develop the question are as follows: Appellee in his affidavit for the writ of replevin to recover the Ford automobile fixed its price at one hundred twenty dollars. The writ of replevin following the affidavit named that sum as the value of the automobile, and the return of the officer on the writ fixed the same value. Appellant gave a forthcoming bond for the automobile in which the penalty of bond was fixed at two hundred forty dollars, double the value of the car fixed in the affidavit, the writ, and the return of the officer. The verdict of the jury, and the judgment of the court, was that appellant return the automobile to appellee, and on failure to do so appellee should have judgment against appellant and the sureties

on his forthcoming bond in the sum of one hundred twenty-five dollars. The evidence showed without dispute that the automobile was of the value of one hundred twenty-five dollars. In addition, while appellee was attempting to prove the value of the automobile by the witness Caperton, appellant's attorney dictated this statement into the record, "I will agree that the car is worth one hundred twenty-five dollars."

The court instructed the jury for the appellee that if they should find a verdict in appellee's favor, they should assess the value of the automobile at one hundred twenty-five dollars. Appellant contends that the giving of this instruction was reversible error upon the principle that a plaintiff cannot recover more than he sues for in his pleading. The instruction would have been correct if the amount named in it had been one hundred twenty dollars, the amount sued for, instead of one hundred twenty-five dollars. It was error to give this instruction, and, following the course laid down in Houston v. Smythe, 66 Miss. 118, 5 So. 520, the judgment is reversed, and judgment will be entered here for one hundred twenty dollars instead of one hundred twenty-five dollars; but, nevertheless, appellant will be taxed with the costs of the appeal because of the fact that appellant invited the error of the court when his attorney dictated into the record, in order to dispense with further proof of the value of the automobile, an ageement that it was of the value of one hundred twenty-five dollars.

Reversed, and judgment here for appellee.