BEARD *et al. v.* TURRITIN.

(Division A. May 27, 1935. Suggestion of Error Overruled June 10, 1935.)

[161 So. 688. No. 31769.]

Leathers & Greaves, of Gulfport, for appellants.

208

**Bidwell Adam,** of Gulfport, and **Chalmers Potter,** of Jackson, for appellee.

Argued orally by **P. D. Greaves**, for appellant, and by **Chalmers Potter** and **Bidwell Adam**, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Harrison county, Mississippi, for four thousand dollar damages for personal injuries alleged to have been sustained by the appellee as the result of a collision between an automobile in which she was riding as a guest, and an automobile belonging to the appellant Mrs. De Waters, and being driven by the appellant Mrs. Beard.

The collision occurred in the intersection of Thirty-First avenue and Eleventh street, in the city of Gulfport, in the afternoon of July 16, 1934, and while the evidence bearing upon the question of negligence of the respective parties is conflicting, the evidence offered by the appellee amply supports the finding of the jury on that issue. None of the assignments of error challenges the sufficiency of the evidence to warrant the submission of the cause to the jury on the question of liability of appellants, and, consequently, a statement of the evidence bearing on that issue would serve no useful purpose.

The appellants first assign as error the admission in evidence of a purported X-ray picture of the appellee's back and spine taken shortly after the collision; the contention on this point being that this picture was not sufficiently identified as being a picture of the appellee's body.

Immediately after the appellee was injured in the collision, she was carried to the Kings Daughters Hospital in Gulfport and placed under the care of Dr. McCall, and he caused an X-ray picture to be made of her back and spine. For the purpose of identifying this X-ray picture, the technician who was in charge of the X-ray and clinical laboratory of this hospital was offered as a witness, and she testified that on July 16, 1934, she made the picture in question; that it was the picture of the spine, ribs, and back of a woman who was brought into the hospital suffering from an injury, and who was under the treatment of Dr. McCall, and gave her name as Mrs. Turritin; that after taking and developing this picture she (the witness) wrote thereon the following data in identification thereof, "Mrs. Turritin, 7/16/34, ribs and spine, Kings Daughters Hospital, 2189, right side, Gulfport;" that for the purpose of identification, she placed the same data on an envelope and then placed the picture in this envelope and filed it in the hospital files of X-ray pictures. By these marks of identification this witness positively identified the picture which was then offered in evidence as being the picture which she took and developed on July 16, 1934, of a person under the care of Dr. McCall, who gave her name as Mrs. Turritin, but having had no personal acquaintance with the appellee before or after that date, she was unable to identify her as she sat in the courtroom at the trial as being the same person as the original of the picture.

The evidence clearly shows that the picture which was offered in evidence was the identical picture that was taken on July 16, 1934, of a patient of Dr. McCall, who had that day been brought into the hospital suffering from an injury, and who gave her name as Mrs. Turritin. The record further shows, without dispute, that immediately after the accident, Mrs. Turritin was carried to the Kings Daughters Hospital of Gulfport; that Dr. McCall was her attending physician; and that, under his

direction, an X-ray picture of appellee's back and spine was taken. Upon this evidence bearing on the identification of the picture, we think the court committed no error in admitting it in evidence.

The appellants next contend that the court erred in permitting two physicians to interpret the X-ray picture and give their opinion as to what it revealed; the objections to this testimony being that this picture had not been sufficiently identified, and that these physicians were not shown to be qualified to interpret X-ray pictures. The first of these objections is disposed of by what we have said above in reference to the identification of the picture. There is no merit in the second objection. While neither of these physicians claimed to be experts in reading X-ray pictures, each testified that he had had considerable experience, both in hospital work and in general practice, in interpreting X-ray pictures, and could do so with reasonable accuracy. Upon this showing of qualification and competency, the opinion of these physicians as to the condition shown by the X-ray picture was properly admitted.

The appellants also seek a reversal upon the ground that the court committed error in permitting one of the expert witnesses to answer a hypothetical question; the contention being that there was no basis in the testimony for all the elements embodied in the question. The hypothetical question bore upon the physical condition of the appellee before and after the accident, and the permanency of her injury. The elements which were included in this question are all found in the testimony of the appellee as to her physical condition, and although there may be facts and circumstances in evidence which, in some measure, tend to dispute the appellee's testimony on these points, it was not improper to assume these elements as setting forth her theory of the true facts. 22 C. J., pars. 795 and 800.

The appellants next contend that the court erred in

overruling their motion for a new trial based upon the ground of newly discovered evidence. In support of this view, they contend that in her testimony on the trial of the cause, the appellee suppressed the truth in reference to medical attention and treatment which she had received prior to her injury, and that, consequently, the fact that she had been an inmate of two hospitals was not discovered by them until after the trial. On the hearing of the motion the appellee was offered as a witness, and she admitted that she had been in these hospitals for observation and examination, but asserted that, in each instance, the physicians found nothing wrong with her and discharged her without treatment. If the motion had been otherwise supported by proper affidavits or oral testimony of appellants and their counsel, the evidence was insufficient to justify the court in sustaining the motion. In addition to that fact, the motion was properly overruled for the reason that it was not supported by the affidavits or oral testimony of the appellants and their counsel that they were ignorant of these facts during the trial of the cause. Hilbun v. State, 167 Miss. 725, 148 So. 365, and authorities therein cited.

Finally, the appellants contend that the verdict is so grossly excessive as to evince bias, passion, and prejudice on the part of the jury. In view of all the testimony as to the nature and character of the appellee's injury, and the pain and suffering endured by her, we are unable to say that the verdict assessing her damages at four thousand dollars was excessive, or, at least, so excessive as to show that it was the result of bias, prejudice, or passion on the part of the jury. Consequently, the judgment of the court below will be affirmed.

Affirmed.