## GRAHAM *v.* SWINNEY.

(Division A. Feb. 3, 1936.)

[165 So. 438. No. 31993.]

**M. C. Young,** of Aberdeen, for appellant.

Paine & Paine, of Aberdeen, for appellee.

Argued orally by **M. C. Young**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

The appellant, T. W. Graham, as landlord, by affidavit in compliance with section 2192, Code 1930, obtained a writ in attachment for rent against the agricultural products of J. A. Swinney, appellee, tenant, which was duly served by the sheriff of Monroe county on corn and hay. The tenant, Swinney, executed bond under section 2205 and the personal property was released to him. He also filed his declaration, section 2209, to which the landlord filed his avowry, section 2211, and Swinney, the tenant, filed his replication. Evidence was heard and the judge charged the jury orally, by agreement of the parties, and a verdict was rendered in favor of Swinney that he retain the property, that the attachment was wrongfully sued out, and for fifty dollars attorney's fees. Judgment was entered accordingly, from which Graham here appeals.

In March, 1927, Graham, the owner, and Swinney, as purchaser, entered into an agreement by contract that Graham would sell to Swinney his farm in Monroe county for seven thousand five hundred dollars, for which Swinney would pay Graham one-third of the market sale price of all the crops raised on the land, and that no payment was to be less than four hundred fifty dollars per annum, and that such payment of four hundred fifty dollars was to be retained as "interest or rent" on the principal sum. A landlord's lien for rent was retained on all agricultural products grown on the land, and it was stipulated that, in event Swinney did not comply with the terms of the contract, Graham had the right, automatically, to cancel same and was entitled to possession

of the land. In addition to the amount due Graham on this contract of sale for the land, Swinney owed Graham a considerable sum evidenced by promissory notes.

Graham testified that in the fall of 1929, he prepared a written notice to Swinney stating that, because of his failure to comply with the agreement by making payments on the land, the contract was terminated; that he saw Swinney and read the notice to him, but that on Swinney's agreement to make some payments he (Graham) consented that the contract of sale of the land might be continued in force; and that in pursuance of this oral agreement about one thousand dollars was thereafter paid to him. The letter or notice to the above effect was addressed to Swinney and signed by Graham, and was dated "11/16/29." It was exhibited to Graham on cross-examination, and he said, in effect, that it was the letter, but that he was sure it was written before the payments were made at different times to him, and that there was something wrong about the date. The fact that payments had been made prior to November 16, 1929, is not disputed. Graham denied that the contract had been made at the time he testified he delivered the written notice to Swinney whereby the terms of the sales contract were changed, and stated that only ninety-one dollars of the rent for the year 1930 had been paid to him; that the tenant had notice to vacate served in the fall of 1930, but had held over until March, 1931. Graham swore to the correctness of an account for rent due far in excess of the agricultural products seized.

Swinney, the tenant, had a different version of the facts, and said that the written notice dated "11/16/29" was read to him by Graham while seated in his car; that he took the written notice from the hands of Graham and did not move; and that subsequent to this time Graham came to the place and told him (Swinney) he could stay on and pay whatever he could as reasonable rent for the land and to go ahead and cultivate it,

and that at the time of the service of the notice he had already made payments to Graham for about one thousand dollars. These payments would not have equaled the amount of Swinney's indebtedness to Graham independent of the rent contract.

On this issue of whether the written contract was in force, or whether there was a new contract by which Swinney was to remain in possession of, and cultivate the land, the case was submitted to the jury, and the jury, as stated, found against the landlord's contention.

There was filed a motion for a new trial which was sworn to by T. W. Graham, but not by his attorney, on the ground that he had discovered new evidence to the effect that the date "11/16/29" was not in the same handwriting as that on genuine checks signed by Graham.

The court heard evidence on the motion for a new trial, and an expert testified that the date "11/16/29" was not in the handwriting of Graham.

The court overruled the motion for a new trial.

1. On a careful examination of the evidence, we cannot set aside the verdict of the jury on the ground that it was contrary to the overwhelming weight of the evidence. There was sharp conflict between the two principal parties as to whether Swinney remained in possession of the land under the written contract, or under the new oral contract made subsequent to the cancellation of the written one.

2. It is contended that the court erred in directing the jury in event they found for the tenant to assess damages and fifty dollars attorney's fees for the wrongful suing out of the writ of attachment. It was agreed by counsel that fifty dollars was a reasonable attorney's fee, and also by agreement the charge of the judge was given orally to the jury, without any kind of exception or objection thereto being made, nor was there any request made of the court for any change whatever in the oral

charge. Therefore, there is no error properly assigned here. Indeed, this point was not made in the motion for a new trial. 3 C. J. 843, section 751, and page 850, section 756.

3. For the same reason the objection that the court erred in not permitting a recovery against the tenant for holding over until March, 1931, cannot here be assigned as error.

On the alleged newly discovered evidence, we are under the necessity of holding that not only must due diligence be shown by the party seeking a new trial, but there must be due diligence also on the part of his counsel. The motion for the new trial was not sworn to by counsel for the appellant, nor was he examined orally with reference thereto, and the court did not err in overruling the motion for a new trial, since the affidavit of the attorney was essential. Beard v. Turritin (Miss.), 161 So. 688.

We find no reversible error in the record, and the case will be affirmed.

Affirmed.