RAWSON *v.* BLANTON.

(In Banc.   April 26, 1948.)

[35 So. (2d) 65.   No. 36755.]

**A. M. Warwick,** of Carthage, for appellant.

**Morgan & Thornton,** of Kosciusko, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellee, as plaintiff below, sued out a writ of replevin against appellant, as defendant, to recover possession of certain farming appliances. At the end of all the evidence, the jury was directed to return a verdict for appellee. A motion for a new trial having been overruled, the case was appealed here.

It is not ncessary to discuss the evidence, other than to say that there was no conflict in the testimony regarding the ownership of the property. It was clearly established as belonging to appellee, and mistakenly possessed by appellant, who had bought other farming appliances from appellee's tenant, in whose barn both sets of implements were stored at the time. There were contradictions as to incidental or collateral events, but, as the trial judge correctly ruled, none as to the appellee's right to the items claimed by him.

The motion for a new trial, based on an alleged variance, and newly discovered testimony, was correctly overruled. The matter of variance is governed by Section 1512, Code 1942. Such objection must be distinctly raised before verdict. Greer v. Bush, 57 Miss. 575. And by objection to the testimony. Westbrook v. Corneil, 199 Miss. 118, 23 So. (2d) 753. It is too late to do so on a motion for a new trial. The evidence was not newly discovered, but if it had been, no attempt was made to comply with the rule governing procedure in such circumstances. Beard v. Turritin, 173 Miss. 206, 161 So. 688; Graham v. Swinney, 174 Miss. 579, 165 So. 438. So, as stated, in our opinion, appellant was not entitled to a new trial.

Upon the service of the writ upon him, appellant filed a forthcoming bond, thereby retaining the property until final adjudication. Therefore, he also assigns as error that the judgment required him both to restore the property and to pay the value thereof, whereas it should have required him to restore or pay the value. In this he is correct. The judgment contains the further error of naming the plaintiff as W. T. Rawson, his correct name being W. T. Blanton. This was merely a clerical error, and may be corrected here without reversal. Smith v. Nolen, 2 How. 735, 3 Miss. 735; Buckingham v. Nelson, 42 Miss. 417; Hartford Fire Ins. Co., v. Williams, 165 Miss. 233, 145 So. 94. The error as to restoration and payment, instead of restoration or payment, is

a judicial error and requires reversal, but not remand of the cause. We enter here the correct judgment which the court below should have rendered. Barrow v. Wade, 7 Smedes & M. 49, 15 Miss. 49; Watkins v. Blass, 164 Miss. 325, 145 So. 348.

Therefore, all assignments of error are overruled, except the one last above discussed. We correct the judgment to show the correct name of the plaintiff as W. T. Blanton instead of W. T. Rawson. As to the error in requiring appellant both to restore the property and to pay its value, we reverse the judgment, but do not remand the cause, directing that judgment be entered here, requiring appellant to restore the property or pay its value as set forth in the judgment below. .

No doubt the mistakes in this judgment were not called to the attention of the trial judge, otherwise, they would have been corrected before entry in the minutes of the court.

Reversed and correct judgment rendered here for appellee.