SUGG, Justice, for the Court:
Richard Till filed suit in the Circuit Court of Tishomingo County against C. W. Barnes and his surety for $1,000 compensatory damages and $9,000 punitive damages. The jury awarded plaintiff $2,000 compensatory damages and $1,300 punitive damages and judgment was entered accordingly. The principal question in this case is whether a plaintiff may recover more damages in a tort claim than he sued for.
Watkins v. Blass, 164 Miss. 325, 145 So. 348 (1932) was a replevin action for recovery of an automobile valued in the affidavit for the writ of replevin at $120. The writ of replevin and the return of the officer on the writ fixed the same value. The defendant in the replevin action executed a bond in the penalty of $240, double the value of the automobile fixed in the affidavit, the writ, and the return of the officer. The verdict of the jury, and the judgment of the *624 court, was that the defendant return the automobile to the plaintiff and on failure to do so, the plaintiff should have judgment against the defendant and his sureties in the sum of $125. The evidence showed that the automobile was of the value of $125 and when plaintiff was attempting to prove the value of the automobile, defendant’s attorney dictated into the record, “I will agree that the car is worth $125.00.” On appeal the judgment was reversed and judgment entered for $120 instead of $125 because the verdict and judgment was for more than the amount sued for.
The holding in Watkins is in accord with the rule stated in 61 Am.Jur.2d Pleadings §§ 381, 778, 779 (1972) as follows:
As a general rule, in the absence of statute, the relief awarded by the judgment will be restricted to that claimed by the party in his pleading. Irrespective of what may be proved, a court cannot, without statutory authority, adjudge to the plaintiff more than he claims in his pleadings. However, where judgment is improperly entered for more than the amount permitted under the rule requiring conformity to the pleadings and issues, the excess may be remitted and the remainder of the judgment will stand.
Pursuant to our decision in Watkins, supra, and the general rule as stated above, we hold a plaintiff in a tort claim may not recover more than he sues for. The plaintiff should know the amount of damages he has suffered, and when the plaintiff states the amount of compensatory damages sought in his suit, a jury may not disregard the amount sued for by the plaintiff and award him more than he seeks.
The verdict in this case was for a sum greater than the amount sued for; accordingly, we reduce the amount of compensatory damages from $2,000 to $1,000 to conform with the amount of damages alleged in the declaration.
The defendant also contends that the jury erred by awarding punitive damages to the plaintiff. The evidence shows that C. W. Barnes, a policeman for the Town of Burnsville, issued a ticket to plaintiff for speeding on February 9, 1978. Plaintiff was informed, and one witness testified, that defendant told the witness that he, the defendant, was going to drag the plaintiff out of his car and knock him in the head the next time he stopped him. According to plaintiff’s evidence, this is precisely what happened. We affirm the award of the punitive damages because the evidence amply supports the award of punitive damages.
We have considered the other assignments of error but find no merit in them.
AFFIRMED IN PART, REVERSED IN PART, AND JUDGMENT CORRECTED AWARDING PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $1,000.00 AND PUNITIVE DAMAGES IN THE AMOUNT OF $1,300.00.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.