IRVING JOHNSON *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.   *Evidence.   Bloody clothing.   Appearance.   Production of object.*

   Where the state has the possession of a garment the prosecution should not be permitted, over objection, to prove by a witness that it was bloody and appeared to be washed in places, without producing it or accounting for the failure to do so.

2. SAME.   *Witnessses' previous statements.*

   It is error to permit the state to support the credibility of a witness by showing statements made by him to others out of court, in the absence of defendant.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Johnson, appellant, and one, William Henderson, were indicted for the murder of Willis Jefferson; there was a severance, and the appellant was tried separately, convicted of manslaughter, and sentenced to the penitentiary for a term of ten years; from which conviction and sentence he appealed to the supreme court.   His co-defendant, William Henderson, testified as a witness for the state.   The facts are otherwise sufficiently inferrable from the opinion of the court.

*T. G. Burchett, Jr.,* and *D. Marshall,* for appellant.

The court below erred in permitting the state's witnesses, over the objection of defendant, to testify concerning the overalls and the shirt, and to show that these garments were spotted with blood, and that they had been washed in part.   It was clearly shown, and not disputed, that the state was in possession of the garments, and the garments themselves furnished the best evidence as to whether they were bloody and washed in spots. Such evidence is not admissible without the production of the

objects themselves, or a showing accounting for the failure to produce them. *Page* v. *State,* 59 Miss., 480; Rapalje's Criminal Procedure, sec. 275; 3 Rice on Criminal Evidence, sec. 28.

*W. L. Easterling,* Assistant Attorney-General, for appellee.

We have not been able to find authority for the proposition that the clothes had to be produced or their loss accounted for satisfactorily before evidence could be received of the blood spots on them shortly after the crime was committed, or that an effort has been made to wash the garments. *Page* v. *State,* 59 Miss., 480, cited and relied upon by appellant's attorney does not cover the case. That decision relates to written documents, and it is respectfully submitted that it cannot be extended, nor can the rule in reference to the production of writings be properly applied to old clothes.

Argued orally by *T. G. Burchett, Jr.,* for appellant.

CALHOON, J., delivered the opinion of the court.

Without the testimony of Wm. Henderson, defendant could not have been convicted. At any rate, no court would have permitted a verdict of guilty to stand. This witness presents himself in most questionable shape. He it was, and he only, who went to and left Vicksburg in a wagon with deceased. On the way he had a quarrel with him. He alone, without his companion, arrived about midnight at the store of Newman, who had sent him to Vicksburg. Except by his testimony, the defendant, Johnson, does not appear at the scene of the killing. As to Johnson, no motive appears. Henderson made conflicting statements. It is shown by him that he confessed that he himself did the killing, and his explanation of the cause of this confession is too flimsy for serious consideration. His statement as witness as to the place where he says Johnson slew deceased is, from the physical facts, manifestly untrue. The killing was done on the wagon, beyond any question. A shirt and a pair of

overalls were found near the charcoal kiln of Johnson, hung on a tree by the road, three days after the homicide; and witnesses said there was blood on them, and that they appeared to have been washed in places. The state had possession of these clothes, and defendant's objection to any testimony without their production, or explanation of nonproduction, should have been sustained. The state was allowed to bolster up the credibility of its witness, Henderson, in its examination of him in chief, by showing by him his own statements to others, out of court, in the absence of defendant. This was error, as has been often held, and it is always reversible error in a close case on the facts, as this case is.

*Reversed and remanded.*