GEORGE SHORT *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.   *Supreme court practice.*   *Code* 1892, § 4370.   *Objections must be seasonable.*

    Exceptions in the trial court, not jurisdictional in their nature, must be seasonably made to prevent the application of Code 1892, § 4370, providing that a judgment in a criminal case shall not be reversed because of any error in the court below, unless the record show that the error complained of was made ground of special exception in that court.

2. SAME.   *Want of arraignment.   Arrest of judgment.*

    An exception predicated of the fact that the defendant in a criminal case was not formally arraigned, not being jurisdictional, is not seasonably made if presented for the first time by a motion in arrest of judgment.

FROM the circuit court of Tishomingo county.

HON. EUGENE O. SYKES, Judge.

Short, appellant, was indicted, tried and convicted of burglary, and appealed to the supreme court.   The opinion states the only facts necessary to an understanding of the opinion.

.T. D. Young *and* W. B. Ellis, *for appellant.*

[The brief of counsel for appellant was withdrawn or lost from the record before it reached the reporter, hence a synopsis thereof could not be given.]

*J. N. Flowers,* assistant attorney general, for appellee.

The objection, for want of formal arraignment of defendant, cannot be considered in this court, because not made in the court below at the proper time.   Code 1892, sec. 4370.

PRICE, J., delivered the opinion of the court.

The only point which we care to notice is this: The record shows that the defendant was not formally arraigned in the court below. The defendant, however, took no special exception, as provided in section 4370 of the Code of 1892, on this ground; that is, he took no special exception at the only proper time for taking such exception. He did move in arrest of judgment on this ground, but he had proceeded throughout the whole course of the trial without making the one of formal arraignment a ground of objection; he never once called the attention of the court below to the want of formal arraignment. If this had been done at any time during the progress of the trial before verdict, the defect could have been remedied. We held, in *Arbuckle* v. *State,* 80 Miss., at page 16, 31 South., 437, that arraignment is not jurisdictional, and the want of it is one of the defects cured by virtue of Code 1892, sec. 4370, unless special exception on that ground is made in the court below. We want to add just this further statement to what is there said: That all of the exceptions specially taken must be taken at the time proper for such exceptions to be made, looking to the nature of the exception. Applying that principle to this exception, it is plain that this sort of an exception must be made before verdict. Section 4370, Code 1892, has the wholesome effect of not only requiring a special exception to be made in the court below — if it is desired to avail of it here — but also of requiring each such special exception to be taken at the time proper for that exception to be made, looking to the nature of the exception. We speak, of course, of omissions or defects that are not jurisdictional in their nature; jurisdictional defects and omissions, as held in the *Arbuckle Case,* cannot be cured.

*Affirmed.*