HENRY ISABEL *v.* STATE.

[58 South. 1.]

1. CRIMINAL LAW. *Venue. Proof. Judicial district. Code of 1906, section 1401.*

Where there are two judicial districts in a county, on the trial of an offense it must affirmatively appear, not only that the offense was committed, but that it was committed in the judicial district in which the indictment charges it to have been committed or else there is no jurisdiction shown in the court to try the case.

2. SAME.

When the law creates two judicial districts in any county, the effect is the same as to jurisdiction as if there were two counties.

3. SAME.

Code 1906, section 1401 which provides that where the evidence makes it doubtful in which of several counties the offence is committed, such doubt shall not avail to secure the acquittal of defendant, has no application where there is no attempt to prove the place of the offense.

4. SAME. If the proof offered placed the commission of the offense so close to both judicial districts as to leave it in doubt as to which it actually occurred in; whether the first or the second district, Code of 1906, section 1401 would apply.

APPEAL from the circuit court of Chickasaw county. HON. H. K. MAHON, Judge.

Henry Isabel was convicted of felonious assault and he appeals.

The facts are fully stated in the opinion of the court.

*Joe H. Ford,* for appellant.

The first ground which I desire to argue on this appeal is the failure on the part of the state to prove the venue in this case in the trial of the court below.

It devolves upon the state to prove every material fact necessary to establish the guilt of the defendant beyond every reasonable doubt and to a moral certainty, before conviction can be had. One of the first things every student of the law learns is that the jurisdiction of the court trying a case, and especially a criminal case, must be proven beyond all controversy. The court must have territorial jurisdiction. To put it in legal phrase, the venue must be proven. The jurisdiction of every criminal court is limited to the county in which the crime was committed, by section 26 of Constitution of the state of Mississippi, that section providing, among other things, that, "In all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county, where the offense was committed," must be had.

This court decided in the cases of *Vaughan* v. *State,* 3 S. & M. 553, 1 Morris State Cases, 245; *Thompson* v. *State,* 51 Miss. 353, that the venue must be proved as laid in the affidavit or indictment or conviction cannot be sustained. And it further held that where the record fails to show that the offense was committed in the county where alleged in the indictment or affidavit, the judgment of conviction will be reversed.

As above said, this is the constitutional right of the defendant to insist upon the proving of the venue in every criminal case. The case at bar is a felony, and of course such constitutional requirement will never be considered waived by the defendant; as was held in *Thompson* v. *State, supra,* above, the record must show that the venue was proven, otherwise a conviction cannot stand, even in misdemeanor cases.

This well-recognized rule of law was not controverted in the court below, but it was contended that this material requisite was dispensed with by section 1401, Code of 1906. That section reads as follows:

"1401 (1329). The same: Venue.—The local jurisdiction of all offenses, unless otherwise provided by law shall be in the county where the offense was committed. But, if on a trial the evidence makes it doubtful in which of several counties, including that in which the indictment alleges it, the offense was committed, such doubt shall not avail to procure the acquittal of the defendant."

I submit to the court that it was never the purpose of the legislature in adopting this section, to dispense with the proof of the venue in felony cases, as was contended for in the circuit court in this cause.

In the case at bar there was no effort whatever to show that the offense was committed in the first district of Chickasaw county; therefore, it could not be said that the evidence leaves it doubtful as to whether the offense was committed in the first district, when there was no proof whatever offered to show that it was in the first district. The proposition is not a doubtful one in the sense referred to in the above section, but it is a case of the absolute failure of the state to prove that it was in the first district, or that the court had territorial jurisdiction of the offense. That section as I understand it, has reference to crimes which are committed so

near the line between two counties or two districts that it is impossible to show clearly as to which county or district the offense really was committed in, part of the proof showing that it was committed in the county or district where it was being tried, and there being evidence tending to show that it happened over the line in some other county or district; in such case it could be said, in the sense of the statute, that the evidence made it "doubtful" in which of the several counties or districts, including that in which the indictment alleges it, the offense was committed.

If it could be said that the proof in the present case leaves it "doubtful" as to which of the several counties or districts, including that in which the indictment alleges it, the offense was committed, then it would be only necessary to prove the venue of any crime that it was done in the state, and within the district of the circuit court.

To illustrate my meaning more clearly, we will take the third circuit court district of Mississippi, as an example:

The acts of the legislature of 1910, p. 83, ch. 105, section 4, constitutes the counties of Tippah, Benton, Union, Marshall, LaFayette, Calhoun, and Chickasaw, the third circuit court district of Mississippi. A man is being tried for assault with intent to kill and murder, a felony. It is proven and shown by the record that the offense was committed in Mississippi, and in the third circuit court district of the state, without any proof whatever, or any effort to prove, that it occurred in Chickasaw county, the indictment alleging that the offense was committed there. The party is convicted, makes a motion for new trial in one ground of which he sets out that the venue was not proven. The court replies:

"The evidence makes it doubtful in which of the several counties of the third district of Mississippi this

offense was committed.  Therefore, under section 1401, Code 1906, it was unnecessary to prove specifically that the offense was committed in Chickasaw county,'' and overrules the motion for a new trial.  Could it be said that such conviction could stand for one moment, in the face of the provision of section 26, the Constitution of Mississippi of 1890, which provides that the defendant shall have a ''public trial by an impartial jury of the county where the offense was committed?''  Certainly to so construe said section of the Code would make it directly conflict with the Constitution of the state, as above shown, and invalid, for that reason, according to all the decisions on that subject.  12 Cyc. 229, and the many authorities cited in note 45 thereto; *State* v. *Lowe,* 21 W. Va. 783, 45 Am. Rep. 570; *Riley* v. *James,* 73 Miss. 1; *Ex parte Fritz,* 38 So. 722; *State* v. *Montgomery* et al., 115 La. 155, 38 So. 949; *State* v. *Hatch,* 91 Mo. 568, 4 S. W. 502; *State* v. *Smiley,* 98 Mo. 605, 12 S. W. 247; *People* v. *Brock,* 149 Mich. 464, 112 N. W. 1116; 14 Cent. Dig., title ''Criminal Law,'' section 219, p. 838; and many authorities digested and cited therein, supporting the contention here made.

*Claude Clayton,* assistant attorney-general, for appellee.

In disposing of this case, in my opinion, it is only necessary to pass upon this assignment of error.  Was it necessary to a conviction that the alleged crime be committed in the first circuit court district of Chickasaw county; and, second, if so, is this a jurisdictional fact?

In the case of *Spivey* v. *State,* 58 Miss. 858, it was decided by this court that the circuit court in one district of a county did not have jurisdiction to try cases that happened in another circuit court district of said county.  I am of the opinion that the venue should

have been proven as laid in the indictment, towit, in the first circuit court district of Chickasaw county, and that the same is jurisdictional.

It is true that no special objection was made to this failure upon the part of the state, during the trial, and it only appeared for the first time, in the motion for a new trial.

I do not think that it contravenes the provisions of section 4936, of the Code of 1906, or the contemplation of the legislature, in passing this section.

This court, in the recent case of *Rogers* v. *City of Hattiesburg,* 55 So. 481, decides that jurisdictional questions may be raised for the first time in the Supreme Court.

Therefore, it follows that if I am correct in my contention that the venue of this case was jurisdictional, it could have been raised for the first time in the Supreme Court and as the court had no jurisdiction to sustain the verdict of the jury because of the failure of the state to prove the venue, this would of necessity cause a reversal of the case.

With these observations, I submit the case to the consideration of the court.

MAYES, C. J., delivered the opinion of the court.

The appellant was indicted for a felonious assault upon one Frank Duncan. The indictment charges that the offense was committed in the first judicial district of Chickasaw county, there being two judicial districts in that county. The trial resulted in the conviction of appellant and a two-year sentence in the penitentiary, and from this conviction and sentence an appeal is prosecuted.

The proof in the case fails to show where this offense was committed; that is to say, it merely shows that the offense was committed in Chickasaw county,

but there is no proof as to whether it occurred in the first or second judicial district. This was made a ground of exception in a motion for a new trial, and the court overruled the same. The contention in the case on the part of appellant is that it must affirmatively appear, not only that the offense was committed, but that it was committed in the judicial district in which the indictment charges it to have been committed or else there is no jurisdiction shown in the court to try the case. When the laws create two judicial districts in any county, the effect is the same, as to jurisdiction, as if there were two counties. An offense committed in one judicial district must be tried in the district in which the offense was committed, and cannot be tried in the other. This was expressly held in the case of *Spivey* v. *State,* 58 Miss. 858.

But it is claimed that section 1401 of the Code cures the failure to prove the district in which the offense is charged, and the failure to make the proof should not cause a reversal. Section 1401 of the Code of 1906 is as follows: "The local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county in which the offense was committed. But, if on the trial the evidence make it doubtful in which of several counties, including that in which the indictment alleges it, the offense was committed, such doubt shall not avail to secure the acquittal of defendant." This section has no application to this case. The evidence does not leave it doubtful as to where the offense was committed in the sense of the statute, but the evidence utterly fails to prove or attempt to prove where the offense was committed; that is to say, whether in the first or second judicial district. The state did not attempt to prove anything about where the offense occurred, further than to show that it occurred in Chickasaw county. If the proof offered placed the commission of the crime so

close to both judicial districts as to leave it in doubt as to which it actually occurred in, whether the first or second district, the statute would apply. The jurisdiction of the court to try this case depended upon its being committed in the first judicial district of Chickasaw county.

For the above reason, the case must be reversed and remanded. *Reversed and remanded.*