BROWN v. STATE.

[66 South. 975.]

1. WITNESSES. *Privilege. Right to claim. Advice of court. Corrobo-*
*ration. Direct examination.*
   Where two parties jointly indicted were tried separately and one,
   being convicted, was called by the state as a witness, on the trial
   of the other, it was not error for the court to refuse, on request
   of the party on trial, to advise the witness that he did not have
   to testify unless he desired to do so.

2. WITNESS. *Examination. Direct examination. Corroboration.*
   It is error to permit the state to support the credibility of a wit-
   ness by allowing the witness to state that his testimony was the
   same as that given by him in another trial.

APPEAL from the circuit court of Leflore county.
HON. F. E. EVERETT, Judge.

Alf Brown was convicted of crime and appeals.
The facts are fully stated in the opinion of the court.

*Hill & McBee*, for appellant.

We say that if this conviction is to be upheld it must
be upon the testimony of Wes Brown.

By the record it appears that when Wes Brown was introduced, timely objection was made and overruled to his testifying without being cautioned by the court that he might or might not testify on the trial of this case, he being a co-defendant and already having been convicted. This we submit was error.

In *White* v. *State*, 52 Miss. 216, it was held that the privilege of the witness toward delivering inculpating evidence was personal and that the accused could not object.

This case is not against our objection. We object that he was not warned, and in support of our objection cited: "It is the duty of the court to advise witnesses of their right to decline to answer any question by replying to which they might tend to incriminate themselves." *Newcomb* v. *State*, 37 Miss. 383; *Head* v. *State*, 44 Miss. 731; *Ivy* v. *State*, 84 Miss. 264.

We particularly direct the attention of the court to the case of *Ivy* v. *State*, *supra*, wherein the opinion of the court deals almost entirely with this question, only about two and one-half lines being devoted to any other question in the opinion.

This court held in the case of *Boyd* v. *State*, 84 Miss. 414: "In a prosecution for murder it is error to permit a witness for the state to testify that he had testified to the same facts at the preliminary examination."

In the case of *Washington* v. *The State*, 93 Miss. 270, the court held: "The testimony of a witness cannot be corroborated by proof that he testified in the same way on a previous trial of a case in the absence of all showing that he then swore differently." In the *Washington case* the witness was corroborated by another. There can be no difference in the rule where he corroborates his own testimony by referring to that given on another trial.

To the same effect, we cite *Owens* v. *State*, 82 Miss. 18, and *Johnson* v. *State*, 80 Miss. 798.

We respectfully submit that this case should be re-versed and remanded.

*Geo. H. Ethridge,* Assistent Attorney-General for the state.

The court decided in the *Wes Brown case* recently be-fore the court that the other party could not complain of the court's action in not permitting or not instructing the witness that he did not have to incriminate himself. It was a matter wholly for the witness to raise the priv-ilege, being a personal privilege which could not be availed of by any other person.

The sixth assignment of error complains of the fact that the court permitted the district attorney to prove that the testimony of the witness, Wes Brown, was the same in this trial as it was in the other trial. This action on the part of the district attorney was improper, but it does not, in my judgment, on this record, con-stitute reversible error. There is no evidence in the rec-ord, as I see it, that would warrant the acquittal of the defendant. The entire testimony shows that he was a participant in the killing, and that there was no suffi-cient reason for the killing. The mere fact that an er-ror is committed is not sufficient to cause a reversal. The court sits for the purpose of seeing that a correct result has been reached.

On this record the appellant was properly convicted, and there could be no reversal because of the immaterial error of permitting Wes Brown, to state that he testified in the present trial to the same effect that he did in his own trial.

The court, in all the cases cited, travels upon the idea that to be reversible, the case must be a doubtful case on the evidence. Where the case is close, an error might turn the scale, and in such case it would be essential to a fair trial that the rule be strictly adhered to. In the

present case the entire testimony shows that the right result was reached and I submit that there is no error that would make a reversal proper.

COOK, J., delivered the opinion of the court.

Alf Brown, appellant, and his brother, Wes Brown, were jointly indicted for the murder of Will Jones. A severance was granted, and Wes Brown was tried first, and convicted of manslaughter.

The first two witnesses placed on the stand by the state in the trial of appellant, Alf Brown, testified that Wes Brown killed the deceased. Wes Brown was then introduced as a witness for the state, and testified that he did not kill the deceased, but that Alf Brown, the defendant did kill him.

Appellant asked the court to advise Wes Brown that he did not have to testify unless he desired to do so. The court refused to do so. This is assigned as error. There is no merit in this assignment. See *Wes Brown* v. *State*, 66 So. 288.

On direct examination of Wes Brown the last two questions asked by the district attorney were:

"Q. I believe you testified in your own case the other day on trial? A. Yes, sir. Q. Is your testimony now the same as that was? A. Yes, sir."

Timely objection was made to the questions and answers, and the objections were overruled. This was manifest error, and may have seriously prejudiced the defendant. *Boyd* v. *State*, 84 Miss. 414, 36 So. 525; *Owens* v. *State*, 82 Miss. 18, 33 So. 718, 21 L. R. A. (N. S.) 782; *Johnson* v. *State*, 80 Miss. 798, 32 So. 49.

*Reversed and remanded.*