JEFFCOAT *v.* STATE.

[67 South. 56.]

WITNESSES. *Corroboration. Prior testimony.*

It is error to permit the state to bolster and corroborate its witnesses by showing that they had testified the same way in other trials.

APPEAL from the circuit court of Montgomery county. HON. J. A. TEAT, Judge.

Chester Jeffcoat was convicted of a crime and appeals.

The facts are sufficiently stated in the opinion of the court.

*Thompson & Witty* and *J. T. Dunn,* for appellant.

The state, over the protest of appellant, was permitted by the trial court to bolster its witnesses, after the defense had attacked his testimony by prior inconsistent statements and conduct, by showing that at other prior times this witness had made statements in accord with the testimony he was then giving. We submit that this was fatal error. In Jones on Evidence (2d Pocket Ed. 1911), on page 1112, *et seq.,* it is said: "The rule has been sometimes declared that, after an attempt has been made to impeach a witness by showing his contradictory statements, proof may be received that he had affirmed the same thing before on another occasion, and that he is still consistent with himself. But it is clear that this view is contrary to the great weight of authority. If a witness is discredited by proof of contradictory statements at different times, it is no restoration of his credit to show that, at still other times, he has made statements in accordance with his testimony. On the same principle, such a witness cannot be corroborated by proof that, on a former occasion, he has made a sworn statement similar to his present testimony." In *Head* v. *State,* 44 Miss. 751, our court lays down the same rule: "For the purpose of discrediting a witness, it is competent to prove that he made discordant statements, at other times and places, but to re-establish credibility, or to support what he has deposed on the trial, it is inadmissible to prove that he has made substantially the same statements to a third person. Many years ago the British courts received such testimony; afterwards its propriety was doubted, and finally repudiated. The weight of authority and reason is against it." See, also, *Johnson* v. *State,* 32 So. 49; *Williams* v. *State,* 31 So. 198; *Boyd* v. *State,* 36 So. 527.

*Ross A. Collins,* Attorney-General for state.

The third assignment relates to alleged error in permitting the witness, Luther Brazwell, to testify in regard to questions asked him, and the answers given to the same, in the first trial of appellant's case in the circuit court. Appellant contends that it was error to permit such testimony, as it was, in effect, permitting the witness to bolster his testimony by showing that he had made prior consistent statements about certain matters. I submit that the record shows clearly that appellant's counsel sought to impeach this witness on cross-examination by showing that he had made inconsistent statements in his testimony on a former trial of the case, and that the question in regard to his former testimony relate only to certain statements on the former trial wherein the state desired to show that the alleged inconsistent statements were not such, when all his testimony was considered. The appellant had cross-examined as to the testimony on the former trial, and having opened up the reference to it, the court very properly ruled that the state could bring out further evidence on the subject.

Cook, J., delivered the opinion of the court.

There are several assignments of error in this case, none of which will be considered save one.

This court has uniformly held that it is error to permit the state to bolster and corroborate its witnesses by showing that they had testified the same way in other trials. This was done in the trial of appellant.

In *Alf Brown* v. *State,* 66 So. 975, decided January 11th of this year, the principle was reaffirmed. In all the cases the admission of this sort of proof has been condemned, and it is to be hoped that in the future like errors will not be made.

*Reversed and remanded.*