PHILLIPS *et al. v.* STATE.

(Division A. Dec. 14, 1936.)

[171 So. 24. No. 32164.]

**Frank F. Mize**, of Forest, for appellants.

**Wm. H. Maynard,** Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

Appellants were convicted in the circuit court of Scott county on a charge of robbery, and from this conviction and the sentence imposed, this appeal was prosecuted.

The testimony of Lawrence Russell, the party alleged to have been robbed, if believed, was sufficient to support the verdict of guilty. This witness testified that on a certain night in January, 1935, he and the two appellants left Morton, Miss., in a truck owned and operated by the appellant Beatty, for the purpose of attending a party several miles south of Morton; that at a point on the highway leading into Smith county the truck was stopped and all of them alighted therefrom; that while the witness was seated on the roadside, the appellant Phillips approached him from behind and struck him a severe blow on the head; that he grappled Phillips and was then struck another blow from behind which rendered him unconscious; and that when he regained consciousness the truck, the appellants, and thirty-nine dollars in money which he had on his person were gone. He further testified that the appellant Phillips knew he had this thirty-nine dollars when they left Morton. There was also testimony tending to show that the place where the assault occurred was at a cross-roads in Scott county near the Smith county line.

Appellants testified that on the trip in question the prosecuting witness, Russell, and the appellant Phillips

took numerous drinks of whisky, and that when they stopped and alighted from the truck near the Scott county line they were very drunk; that Russell then claimed to have lost some money and accused Phillips of having taken it from him; that a dispute and serious fight ensued between them in which Beatty took no part; that as soon as the fight was over, Russell walked away from the scene and Phillips then boarded the truck, and he and Beatty returned to Morton. They testified that they did not know Russell had any money and denied taking any from him. There was testimony offered by the defense tending to show that the place where the fight occurred was in Smith county near the Scott county line.

There is no merit in the contention that the judgment of the court below should be reversed for the reason that the evidence fails to show that the circuit court of Scott county had jurisdiction. The evidence shows that the offense, if any, was committed near the Scott county line; but it is conflicting as to whether it was in Scott county or Smith county. Under section 1176, Code 1930, when the evidence leaves it doubtful in which of several counties the offense was committed, "such doubt shall not avail to procure the acquittal of the defendant." Isabel v. State, 101 Miss. 371, 58 So. 1; Hill v. State, 112 Miss. 375, 73 So. 66.

Over the objection of the appellants, the state was permitted to prove that shortly after the occurrence the witness, Russell, stated to a party living near the scene of the assault, that he had been robbed. It was error to permit the state to bolster the testimony of its witness by showing that he stated to others, out of court, that he had been robbed on the occasion in question. Johnson v. State, 80 Miss. 798, 32 So. 49; Brown v. State, 108 Miss. 478, 66 So. 975; Jeffcoat v. State, 108 Miss. 585, 67 So. 56; Ashford v. State, 81 Miss. 414, 33 So. 174; Anderson v. State, 82 Miss. 784, 35 So. 202, 203. It was ad-

mitted that there was a fight between the witness Russell and the appellant Phillips, and the only point in controversy was whether or not Russell was robbed during this fight, and, consequently, the admission of evidence of this statement made out of court was reversible error. It is suggested by the state that the rule that permits, in the case of rape, the introduction of evidence that the prosecutrix made complaint of having been raped would authorize the admission of the statement here involved. The admission of such evidence in the case of rape is an exception to the general rule. The reasons for this exception are set forth in the case of Ashford v. State, supra, and again in Anderson v. State, supra. In the latter case the court said that, ''Ordinarily any and all statements made by a party assaulted after the commission of the crime is hearsay, and not admissible. An exception is made in the case of rape alone, but even in that case no statements made by the prosecutrix are admissible except her complaint that she has been ravished. . . . The exception in cases of rape is made upon the idea that outraged virtue will proclaim her wrong, and therefore silence might be considered as raising a suspicion of consent.''

For the error indicated, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.