HARRISON v. GATEWOOD.

Division B. Mar. 12, 1951.

No. 37836 (51 So. (2d) 59)

F. F. Mize and Wm. C. Thompson, for appellant.

**Nichols & Huff**, for appellees.

124

**Hall, J.**

On July 27, 1933, Mrs. Dollie Harrison allegedly executed her last will and testament in the presence of R. F. Bailey and Mrs. R. F. Bailey and devised all of her property to her husband, the appellant herein. She died in October of the same year. Appellant continued in possession of all her property which consisted only of land and did not present the will to the court for probate until June 1946 when it was admitted to probate in common form upon an affidavit of said R. F. Bailey who made oath before the chancery clerk that the said Mrs. Dollie Harrison signed, published and declared said instrument as her last will and testament on July 27, 1933, in the presence of said R. F. Bailey and Mrs. R. F. Bailey, that they both subscribed and attested said instrument as witnesses to the signature and publication thereof at the request and in the presence of said testatrix and in the presence of each other and that said testatrix was then of sound and disposing mind and over twenty-one years of age. The appellees, who are the offspring of the marriage of appellant and the testatrix, filed a contest of said will on October 25, 1946, upon the sole ground that the same was a forgery. The issue of devisavit vel non was made up and the case was tried before a jury which was unable to agree upon a verdict, whereupon a mistrial was entered, and at a subsequent term the issue was again tried and the jury found against the will, from which verdict and the decree thereon this appeal is prosecuted.

The trial resolved itself into a rather reckless swearing match and there was a sharp contest on the issue. For a

proper consideration of the first assignment of error it is necessary to detail some of the evidence offered. On October 24, 1946, R. F. Bailey and wife signed an affidavit at the instance of the contestants wherein they swore that Mrs. Dollie Harrison did not sign, publish and declare said instrument as her last will and testament and that affiants did not subscribe the same as attesting witnesses to her signature at her request or in her presence; that they did sign some instrument at the request of W. J. Harrison upon his statement that it was a deed; that when Bailey signed the affidavit upon which the will was admitted to probate he thought he was merely making oath to the genuineness of the signatures of himself and wife which appeared thereon, but they had no knowledge that it purported to be Mrs. Harrison's will.

It was rather conclusively established at the trial that the will in question was prepared by the then chancery clerk in his office. Underneath the will on the left side of the paper he placed two blank lines for the signatures of two witnesses. On the right side of the paper he placed a blank line for the signature of the testatrix and immediately to the left of this line he placed an "X" to indicate that this was the line upon which she should sign, and, being under the impression that Mrs. Harrison was unable to write and that her signature would have to be by her mark, he then and there wrote, in his own handwriting, the words "Her Mark" to the right of the line, one word being above the other, with the intention that Mrs. Harrison's mark would be made between these two words. The clerk was not present at the alleged execution of the will and no mark was placed between the two words when it was allegedly executed, but Mrs. Harrison's name was written on the line, and there was evidence upon which the jury could have found that the same was in her own handwriting. There was also evidence from which the jury could have found that the first affidavit executed by Bailey as to the genuineness of the will was

carefully read to him and the will exhibited to him at the time the affidavit was made.

 ██ Bailey and his wife both testified at the trial and said that Mrs. Harrison's name was not on the line at the end of the will when they originally signed it, nor was the "X" mark at the left of the line, nor were the words "Her Mark" at the right of the line; they further testified that neither her name nor any of these markings were on the will when he executed the affidavit for probate. The will was duly probated and recorded in June 1946 with Mrs. Harrison's name and said markings thereon. Thus it appeared that the testimony of both of them needed corroboration and bolstering, and over the objection of counsel for the proponent Mrs. Bailey was permitted to testify that on the date of the second affidavit she and her husband told counsel for the contestants everything that was contained in the affidavit, that she told them that Mrs. Harrison did not sign the will in their presence, that she told them that they attested the will at the request of Mr. Harrison, that she told them that no one was there except Mr. and Mrs. Bailey and Mr. Harrison when she and her husband attested the will, that she told them they didn't even see Mrs. Harrison on the occasion when they attested the will, and that she told them Mrs. Harrison did not request their signatures as witnesses to the will. Furthermore, one of the attorneys for the contestants was permitted to testify over the objection of proponent that when he interviewed Mr. and Mrs. Bailey they related to him the facts exactly as detailed in the affidavit which he then prepared, and at the conclusion of the testimony of the attorney a motion to exclude the same from the consideration of the jury was overruled. The specific ground of objection was assigned as to the inadmissibility of the testimony of Mrs. Bailey and the attorney that it was purely an effort to bolster the testimony of herself and her husband. Since the case was a close one at best and the contestants depended largely upon the testimony of Mr. and Mrs. Bailey,

who had evidently perjured themselves on one occasion or the other, we think the evidence which merely sought to bolster their testimony was erroneously admitted and that in all probability it had some influence in guiding the jury toward the verdict which it rendered against the will.

In a long line of cases this Court has held that a witness cannot be bolstered and corroborated by proving that on other occasions he has made statements out of court conforming to his testimony given in court and that the admission of such testimony in a close case is always reversible error. Byrd v. State, 154 Miss. 742, 123 So. 867; Jeffcoat v. State, 108 Miss. 585, 67 So. 56; Brown v. State, 80 Miss. 798, 32 So. 49; Williams v. State, 79 Miss. 555, 31 So. 197. Some authorities from other jurisdictions 539; Boyd v. State, 84 Miss. 414, 36 So. 525; Johnson v. State, 80 Miss. 798, 32 So. 49; Williams v. State, 79 Miss. 555, 31 So. 197. Some authorities from other jurisdictions recognize certain exceptions to and limitations upon the stated rule, but none of these are here applicable.

 Appellant also complains of error in the granting by the trial court of the following instruction to the jury: "The court instructs the jury for the contestants that you may take into consideration as a circumstance against its validity the long time intervening between the death of Mrs. Dollie Harrison and the date when W. J. Harrison produced the instrument in question for probate as her will." We are of the opinion that this instruction was clearly erroneous under the facts of this case and in all probability was influential in bringing about the verdict. Not only did this instruction single out portions of the evidence contrary to numerous decisions of this Court but it was also a charge upon the weight of the evidence in direct contravention of Section 1530, Code of 1942. The most serious objection, however, is that it does not state a correct principle of law, insofar as Mississippi is concerned, upon the facts of this case.

It should be borne in mind that since the death of Mrs. Harrison there has been no change of position by any of the parties and the devisee's act in failing to file the will for probate at an earlier date was not characterized by any wilful inequity, illegality or fraud; the witnesses to the will have not died or removed from the state, the property involved has not been incumbered or conveyed away, no innocent purchaser has intervened and none of the contestants have been put to any disadvantage because of the delay. These facts clearly distinguish this case from In re Stoball's Will, Miss., 50 So. (2d) 635, and not yet reported in the State Reports.

Appellees cite no authority to support the quoted instruction and we have been unable to find any. They only argue that the error therein, if any, was cured by other instructions in the case, but a careful examination of all the instructions shows that there was no other instruction which attempted in any manner to cover the conclusion of law set forth in this instruction. In Belt v. Adams, 125 Miss. 387, 392, 87 So. 666, 668, this Court said: "There is no statute of limitation in this state on the subject of probation of wills as was held by this court in Fatheree v. Lawrence, 33 Miss. 585. In that case a period of about 23 years elapsed between the death of the testator and the probation of the will, yet the court gave effect to the will in that case." In 68 C. J. p. 947, Wills, Sec. 694, it is said "In the absence of a statute or rule of practice on the subject, there is no requirement that any particular period after a testator's death shall elapse before the will may be proved," and on the same page of the same authority in Sec. 695, it is said "At common law, no definite time is prescribed within which a will is to be proved after the death of the testator and the right to prove a will is not barred by the lapse of any time, however great." In the case now before us, and upon the facts here presented, there is no presumption of invalidity because of the delay in presenting the will for probate. This instruction placed an unjust burden

upon the proponent of the will and was highly prejudicial. For the reasons assigned the decree of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.