254 So.2d 902 (1971)
Jimmy Wayne ELLIS
v.
STATE of Mississippi.
No. 46335.
Supreme Court of Mississippi.
November 15, 1971.
Rehearing Denied December 20, 1971.
Hugh L. Bailey, James Sumner, Winona, for appellant.
A.F. Summer, Atty. Gen., by Jeff East, Special Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
Jimmy Wayne Ellis was indicted, tried and convicted in the Circuit Court of Montgomery County of the crime of forgery. He was sentenced to 10 years in the state penitentiary.
The appellant has assigned three errors: (1) a fatal variance between the indictment and the proof, the indictment charging that appellant defrauded the Piggly Wiggly Store of Winona, a corporation, while the proof showed that the Piggly Wiggly Store was owned and operated by Chuck Billingsley, an individual; (2) prejudicial error in allowing the state to introduce into evidence a portion of a prior affidavit *903 to bolster the testimony of the state's witness; and (3) prejudicial error for the district attorney to refer to the appellant in his closing argument as a professional criminal when there was nothing in the record to justify such a remark.
The appellant did not object in the trial court to the variance in the ownership of the Piggly Wiggly store. If he had, it would have been a simple matter for the State to amend the indictment to conform to the proof.
Section 1987, Mississippi Code of 1942 Annotated (1956), provides:
"A judgment in a criminal case shall not be reversed * * * because of any error or omission in the case in the court below, except where the errors or omissions are jurisdictional in their character, unless the record show that the errors complained of were made ground of special exception in that court."
The record does not show that the error complained of was made ground of special exception in the trial court.
This Court has held many times that objections and exceptions, not jurisdictional in nature, can not be raised for the first time on appeal. Nationwide Mutual Insurance Company v. Tillman, 249 Miss. 141, 161 So.2d 604 (1964); County Board of Education of Jones County v. Smith, 239 Miss. 53, 114 So.2d 613, 121 So.2d 139 (1960); Ascher & Baxter v. Edward Moyse & Company, 101 Miss. 36, 57 So. 299 (1911); Evans v. State, 92 Miss. 34, 45 So. 706 (1907); Short v. State, 82 Miss. 473, 34 So. 353 (1903).
In this case an exact copy of the forged check was included in the indictment and the indictment is a part of the record. The offense was thus clearly identified and there is no chance that the appellant could be prosecuted again for the same offense. See Stone v. State, 242 So.2d 127 (Miss. 1970), wherein we reached the same conclusion.
The next assignment of error is more serious and in our judgment constituted fatal error. On cross-examination of Bishop Logan, the principal prosecution witness, it was brought out that he executed an affidavit on October 6, 1970, while an inmate in the state penitentiary, stating:
"That Jimmy Wayne Ellis, who was arrested with me and indicted along with me, had no part whatsoever, in illegally altering, writing, signing, or in any way uttering or cashing any bank check or other written instrument in the City of Winona, Montgomery County, Mississippi, or in Montgomery County, Mississippi, on the 28th day of January, 1970, or to my knowledge at any other time."
On redirect examination the court permitted the district attorney to require the witness to read from a prior affidavit of Logan, executed by him on April 20, 1970, wherein Logan stated under oath:
"It says Jimmy Wayne Ellis knew we had forged the name on the checks and told us to sign on the checks and told us how to cash them. The whole thing was the idea of Jimmy Wayne Ellis."
It was fatal error for the State to thus attempt to bolster the testimony of its principal witness.
In Anderson v. State, 171 Miss. 41, 156 So. 645 (1934), we said:
"This court has consistently condemned the practice of undertaking to bolster up the testimony of a witness on the stand, and to strengthen his credibility by proof of his declarations to the same effect as sworn to by him out of court. See Williams v. State, 79 Miss. 555, 31 So. 197; Johnson v. State, 80 Miss. 798, 32 So. 49; Owens v. State, 82 Miss. 18, 33 So. 718, 21 L.R.A. (N.S.) 782; Washington v. State, 93 Miss. 270, 46 So. 539; Martino v. State, 98 Miss. *904 355, 53 So. 777; Moore v. State, 102 Miss. 148, 59 So. 3; Byrd v. State, 154 Miss. 742, 123 So. 867." 171 Miss. at 48, 156 So. at 647.
We again condemned this practice in Harrison v. Gatewood, 211 Miss. 121, 51 So.2d 59 (1951):
"In a long line of cases this Court has held that a witness cannot be bolstered and corroborated by proving that on other occasions he has made statements out of court conforming to his testimony given in court and that the admission of such testimony in a close case is always reversible error." 211 Miss. at 127, 51 So.2d at 61.
The district attorney in his closing argument referred to the appellant as a "professional criminal". Although the court instructed the jury to disregard this remark because there was nothing in the record to justify it, the court overruled the motion of the appellant for a mistrial. In Murray v. State, 52 So.2d 288 (Miss. 1951), this Court said:
"The trial court sustained an objection to the comment of the district attorney and instructed the jury to disregard it, but overruled a motion of the defendant to have a mistrial entered. The Court is of the opinion that this comment together with the comment in regard to the other person who was with him when arrested being now in the penitentiary when there was no proof on that behalf, were so prejudicial to the rights of the defendant that its influence upon the jury could not be removed by the trial court's action in sustaining the objection and asking the jury to disregard the comment.
"Even though the proof as to the guilt of the accused may have been sufficient to warrant the jury in convicting him, he was nevertheless entitled to have the jury pass on that issue on the evidence introduced from the witness stand, and on that evidence alone, under the instructions of the court as to the law of the case." 52 So.2d at 288-289.
Such a remark not supported by the record should not be made by the district attorney on retrial.
For the reason stated, the judgment must be reversed and the case remanded for a new trial.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, INZER and SMITH, JJ., concur.