423 So.2d 129 (1982)
Robert JACKSON
v.
STATE of Mississippi.
No. 53993.
Supreme Court of Mississippi.
December 8, 1982.
*130 Henry L. Lackey, Calhoun City, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
ROY NOBLE LEE, Justice, for the Court:
Robert Jackson was convicted in the Circuit Court of Calhoun County, Honorable William R. Lamb, presiding, for aggravated assault and sentenced to twelve (12) years in the custody of the Mississippi Department of Corrections. He has appealed and assigns the following errors in the trial below:
(1) The circuit court erred in allowing the district attorney to read the statement of the victim/prosecuting witness over appellant's objection.
(2) The circuit court erred in failing to grant a new trial after learning that a juror was related by marriage to the prosecuting witness.
The appellant shot Jessie William Glaspie with a small-caliber pistol, after an argument between them. Appellant's defense was self-defense and since there is no assignment of error relating to the weight of the evidence, it is not necessary to detail the facts further.

I.
The appellant contends that the lower court erred in permitting the district attorney to read before the jury a statement given by Glaspie to the sheriff during the sheriff's investigation of the crime. Objection was made to the statement which was sustained as to introduction of the written instrument itself, but the lower court permitted the district attorney to read it to the jury.
When the attorney for appellant cross-examined Glaspie, he interrogated him about the statement. The attorney was attempting to impeach Glaspie's credibility and opened up the matter of what the statement out of court contained. An objection was made to the district attorney reading the statement, and the court asked the attorney:
BY THE COURT: Just a minute and your grounds, Mr. Lackey.
MR. LACKEY: We stand upon our objection, Your Honor.
The objection was general without specifying the ground upon which it was based.
In criminal and civil cases, parties may not show statements made out of court for the purpose of bolstering the testimony of a witness in court. In Anderson v. State, 171 Miss. 41, 48, 156 So. 645, 647 (1934), the Court said:
This court has consistently condemned the practice of undertaking to bolster up the testimony of a witness on the stand, and to strengthen his credibility to proof of his declarations to the same effect as sworn to by him out of court.
Also, in Harrison v. Gatewood, 211 Miss. 121, 127, 51 So.2d 59, 61 (1951), the question *131 was presented during a civil trial, and the Court held that permitting such testimony was erroneous, stating:
In a long line of cases this Court has held that a witness cannot be bolstered and corroborated by proving that on other occasions he has made statements out of court conforming to his testimony given in court and that the admission of such testimony in a close case is always reversible error. Byrd v. State, 154 Miss. 742, 123 So. 867; Jeffcoat v. State, 108 Miss. 585, 67 So. 56; Johnson v. State, 80 Miss. 798, 32 So. 49; Williams v. State, 79 Miss. 555, 31 So. 197.
We are of the opinion that in the case sub judice, the appellant's attorney opened the matter of the former statement in an effort to discredit the witness Glaspie, and that, even though the court sustained objection to introduction of the instrument itself, permitting the district attorney to read the instrument (which was substantially identical to the testimony of Glaspie), did not constitute reversible error. Also, the point was not properly preserved by appellant since no specific objection was made to such statement. Lay v. State, 310 So.2d 908 (Miss. 1975); Norman v. State, 302 So.2d 254 (Miss. 1974).
We notice that the State's brief states: "This Court has held many times that if an assignment of error is not listed in the defendant's motion for a new trial in the lower court, it is not preserved on appeal. Jefferson v. State, 386 So.2d 200 (Miss. 1980)."
Many attorneys in both criminal and civil cases are unfamiliar with the requirement as to what matters assigned as error must be included in a motion for new trial. In order to clarify Jefferson v. State, supra, and to bring the correct procedure to the attention of the Bench and Bar, we cite them to Colson v. Sims, 220 So.2d 345, 346, fn. 1 (Miss. 1969), which states the proper procedure and rule:
1. Motion for a new trial. Since there seems to be some confusion as to what is required to be set out in a motion for a new trial in order to take advantage of the alleged error on appeal to this Court, it may be helpful for us to point out that it is not necessary to make a motion for a new trial grounded upon errors shown in the official transcript of the record, including the pleadings, transcribed evidence, instructions, verdict and judgment of the court. Miss. Code 1942 Ann. §§ 1639, 1644 (1956).
For many years Rule 6 of the Rules of the Supreme Court of Mississippi expressly permitted an appeal on matters of record without the necessity of a motion for a new trial. The 1964 Rules of the Supreme Court left out our old Rule 6, because as we pointed out in the "Foreword": "Former Rule 6(3), stating that the right to review is not dependent upon the filing of a motion for a new trial in the trial court, has been deleted, because this aspect of the scope of appellate review is established by case law." See Graham v. Swinney, 174 Miss. 579, 165 So. 438 (1936).
On the other hand there are certain errors that must be brought to the attention of the trial judge in a motion for a new trial, so that the trial judge may have an opportunity to pass upon their validity before this Court is called upon to review them. Although it is impossible to envision every situation which may arise, the following list will serve to activate our memories:
(1) All new matters, now shown of record and not merely cumulative irregularities, mistakes, surprises, misconduct and newly discovered evidence (Redmond v. Marshall, 162 Miss. 359, 137 So. 733 (1931); Miss.Code 1942 Ann. §§ 1536, 1537 (1956)), may be set out in a motion for a new trial.
(2) Motion made upon the ground of inadequate or excessive damages must be made in a motion for a new trial. Watson v. Holeman, 169 Miss. 585, 153 So. 669 (1934); Standard Oil Co. v. Franks, 167 Miss. 282, 149 So. 798 (1933); Coccora v. Vicksburg Light and Traction Co., 126 Miss. 713, 89 So. 257 (1921).

*132 (3) Motion for new trial must be made where it is contended that the verdict of the jury is against the overwhelming weight of the evidence. Gilmer v. Gunter, 46 So.2d 447 (Miss. 1950).
(4) The denial of a continuance in the trial court is not reviewable unless the party whose motion for continuance was denied makes a motion for a new trial on this ground, making the necessary proof to substantiate the motion. King v. State, 251 Miss. 161, 168 So.2d 637 (1964); Cherry v. Hawkins, 243 Miss. 392, 137 So.2d 815 (1962); Lamar v. State, 63 Miss. 265 (1885).

II.
The appellant next contends that the lower court erred in failing to grant a new trial after the court was informed that a juror was related by marriage to Glaspie, the victim and prosecuting witness.
After conviction, the lower court had a hearing to determine whether or not juror Ed Hayes West was related to Glaspie, and whether or not the court should grant a new trial for that reason.
The juror West testified that his wife was far-off related to Glaspie, that he did not know just what the relationship was, that it was probably not less than third cousin, and that he had not considered himself related to Glaspie. West further testified that such connection had no influence on his verdict. The lower court found that appellant was not prejudiced by West's serving as a juror, and that appellant received a fair trial.
We are unable to say that the trial judge was wrong in such finding, after the said hearing, and we are of the opinion that, under the testimony and circumstances surrounding the juror, he did not willfully mislead the court or the attorney and that no prejudice resulted to the appellant by reason of West serving as a juror.
There being no reversible error in the record, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.