990 So.2d 273 (2008)
Norberto R. MORALES a/k/a Norberto Renteria Morales a/k/a Jose, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-01645-COA.
Court of Appeals of Mississippi.
September 9, 2008.
*274 Edmund J. Phillips, P. Shawn Harris, Forest, attorneys for appellant.
Office of the Attorney General by Lisa Lynn Blount, attorney for appellee.
Before LEE, P.J., ROBERTS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Norberto R. Morales was convicted by a jury in the Circuit Court of Newton County for the crime of possession of more than five kilograms of marijuana. He was sentenced to serve a term of twenty-eight years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of fifty thousand dollars as well as court costs. Aggrieved, Morales appeals and argues that the trial court erred by (1) refusing one of his proffered jury instructions, (2) allowing the prosecution to give an explanation of the law during voir *275 dire, and (3) denying his motion to suppress an incriminating statement. We find no error and affirm.

FACTS
¶ 2. On November 22, 2006, Deputy Jeffrey Clayton of the Newton County Sheriff's Department was patrolling Interstate Highway 20 in Newton County. At approximately 1:00 p.m., Deputy Clayton pulled over an eighteen-wheeler driven by Morales for having no tags on the trailer and following dangerously close to another vehicle. Morales presented the vehicle's registration, which indicated that he had recently purchased it.[1] Deputy Clayton noticed that Morales appeared very nervous; he testified, "I could see his carotid pulse through his neckuhhis hands were shaking and his mouth was constantly dry." Deputy Clayton then asked if anyone had given Morales any "bags, boxes, or packages to carry besides what was listed on the bill of lading." Morales answered, "no, they didn't." Morales then gave Deputy Clayton permission to search the tractor and trailer and read and signed a consent to search form prepared by Deputy Clayton.
¶ 3. Inside one of the boxes in the trailer, Deputy Clayton found a bale of marijuana wrapped in garbage bags. By this time, Deputy Randy Patrick and Deputy Mark Spence had arrived at the scene. Officer Spence handcuffed Morales and read his Miranda rights. He asked Morales what the officers had just found in the trailer, and Morales answered, "marijuana." When further questioned as to the amount of marijuana in the trailer, Morales stated "about two thousand pounds." Morales was transported to the Newton County Jail and the tractor-trailer was transported to the sheriff's office, where forty-nine bales of marijuana were unloaded from the trailer. Tests results from the Mississippi Crime Laboratory later confirmed that the substance was in fact marijuana; the bales each weighed approximately twenty-two kilograms.
¶ 4. Morales was indicted for possession of more than five kilograms of marijuana under Mississippi Code Annotated section 41-29-139(c)(2)(G) (Rev.2005). Morales made a motion to suppress the statements he made at the scene. Morales claimed that after Deputy Spence read him his Miranda rights, Deputy Spence asked him what was in the boxes. Morales claimed that he responded, "what boxes." According to Morales, Deputy Spence then said, "we can either do it the easy way or the hard way, and I'm going to ask you again, what's in the boxes?" Morales claimed that he felt threatened and only then did he tell Deputy Spence that marijuana was in the trailer. At the suppression hearing, Deputy Spence testified that he did not make the statement to Morales. Likewise, Deputy Clayton and Deputy Patrick both testified that no one made the threatening statement to Morales. The trial judge denied Morales's motion to suppress, finding that his statements were given after he was read his Miranda warnings and without promises of reward or threats of violence.
¶ 5. At the conclusion of the trial, the jury returned a verdict of guilty. Morales was sentenced to serve a term of twenty-eight years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of fifty thousand dollars as well as court costs. The trial court denied *276 his motion for a new trial. Aggrieved, Morales now appeals to this Court.

DISCUSSION

I. Whether the trial court erred in denying jury instruction D-7.
¶ 6. Morales argues that the trial court committed reversible error in refusing his proffered jury instruction D-7, which read as follows:
The Court instructs the jury that if you find from the evidence that someone other than the defendant, exercised conscious control over the substances, or if you have a reasonable doubt that Numberto [sic] Morales exercised conscious control over the substances, then you must vote "not guilty."
Morales argues that the trial court denied him the right to present his theory of the case to the jury. He claims that the issue of whether he exercised control over the marijuana was "the only issue presented to the jury." He claims that this instruction required the State to prove control beyond a reasonable doubt, and he was entitled to the instruction.
¶ 7. Mississippi law is well settled regarding our standard of review for a trial court's grant or denial of jury instructions:
Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.
Ladnier v. State, 878 So.2d 926, 931-32(¶ 20) (Miss.2004) (quoting Heidel v. State, 587 So.2d 835, 842 (Miss.1991)). Where all of the jury instructions given "fairly announce the law and create no injustice, we will not find reversible error." Jones v. State, 912 So.2d 501, 506(¶ 13) (Miss.Ct.App.2005) (citing Johnson v. State, 823 So.2d 582, 584(¶ 4) (Miss.Ct.App. 2002)).
¶ 8. Morales correctly argues that a defendant is entitled to jury instructions that present his or her theory of the case. Hester v. State, 602 So.2d 869, 872 (Miss. 1992); Young v. State, 451 So.2d 208, 210 (Miss.1984). However, the trial court's refusal to give proposed instruction D-7 does not require reversal because its contents were covered fairly elsewhere in instructions given by the trial court, namely, instructions S-1, S-3, and D-6.
¶ 9. Instruction S-1 read as follows:
The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that at the time and place charged in the indictment and testified about, that the Defendant, Norberto R. Morales, did willfully, unlawfully and feloniously have in his possession and under his conscious control a Schedule I controlled substance, namely marijuana, in an amount of more than five kilograms, then it is your duty to find the Defendant guilty as charged.
¶ 10. Instruction S-3 read as follows:
The Court instructs the Jury that to constitute possession, there must be sufficient facts to warrant a finding that the Defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession; constructive possession may be shown by establishing that the substance involved was subject to the Defendant's dominion and control.
¶ 11. Instruction D-6 read as follows:

*277 The Court instructs the jury that in order to be convicted of possession of more than 5 Kilograms of Marijuana, the State must prove than [sic] the defendant had marijuana in his conscious control. If the State fails to prove that the defendant did exercise conscious control over the Marijuana, then you must vote not guilty.
¶ 12. We find that the contents of Morales's proposed instruction D-7 were covered fairly in instructions S-1, S-3, and D-6, which were all given by the trial court. Read as a whole, the jury instructions given fairly announced the law and created no injustice. Accordingly, we hold that the trial court did not err in refusing instruction D-7. This issue is without merit.

II. Whether the prosecutor violated Uniform Rules of Circuit and County Court 3.05 and 3.07 by providing the jurors an explanation of the law during voir dire.
¶ 13. During voir dire, the prosecution asked the jury panel the following question:
Do you understand that it'sthe crime is that of possession, not necessarily ownership? You know, you don't get title to drugs like you do a car or the deed to a house, or something like that, but it's simply a crime of possession.

(NO RESPONSE)
Morales argues that the prosecution's question violated Uniform Rules of Circuit and County Court 3.05 and 3.07. The State argues that this issue is waived because Morales failed to raise a contemporaneous objection; Morales urges this Court to find plain error.
¶ 14. The failure to interpose an objection at trial waives the issue for appellate review. Goodin v. State, 787 So.2d 639, 646(¶ 20) (Miss.2001) (citing Foster v. State, 639 So.2d 1263, 1288-89 (Miss. 1994)). Because Morales made no contemporaneous objection at trial, we find that this issue is waived. Notwithstanding the procedural bar, we further find that this issue is without merit because the error, if any, was harmless.
¶ 15. Rule 3.07 deals with written jury instructions and is irrelevant to this issue. Rule 3.05 governs voir dire and provides that "[a]ttorneys will not offer an opinion on the law." Assuming for argument's sake that the prosecution impermissibly offered an opinion on the law, any error must be deemed harmless. The prosecution did not misstate the law, and the jury was later properly instructed on the law of possession through the jury instructions given by the trial court. Where, as here, the jury was subsequently instructed properly on the law and the reviewing court can say with confidence that the jury's verdict was "surely unattributable" to the prosecution's statements during voir dire, the error is harmless. See Goodin, 787 So.2d at 645-48 (¶¶ 18-31). This issue is without merit.

III. Whether the trial court erred in denying Morales's motion to suppress.
¶ 16. To be admissible, a confession "must have been intelligently, knowingly and voluntarily given, and not a product of police threats, promises or inducements." Wilson v. State, 936 So.2d 357, 361(¶ 8) (Miss.2006) (citing Manix v. State, 895 So.2d 167, 180(¶ 39) (Miss.2005)). "The prosecution has the burden of proving beyond a reasonable doubt that the confession was voluntary." Martin v. State, 854 So.2d 1004, 1006(¶ 4) (Miss.2003) (citing Morgan v. State, 681 So.2d 82, 86 (Miss. 1996)). In determining the admissibility of a confession, the trial court sits as the finder of fact, and we will not disturb its decision unless "convinced that such a *278 finding [was] manifestly wrong and/or against the overwhelming weight of the evidence." Id. at 1007(¶ 4) (citation omitted).
¶ 17. Morales argues that Deputy Spence's statement, "we can either do it the easy way or the hard way," reasonably could have been understood as a threat to use violence on him to obtain a confession. Morales claims that the State failed to meet its burden of proving that his statements were voluntary beyond a reasonable doubt. We disagree.
¶ 18. The State's burden of proving beyond a reasonable doubt that an inculpatory statement was voluntarily given "is met and a prima facie case established by the testimony of an officer, or other persons having knowledge of the facts, that the confession was voluntarily made without threats, coercion, or offers of reward." Martin, 854 So.2d at 1006-07(¶ 4) (citing Dancer v. State, 721 So.2d 583, 587(¶ 17) (Miss.1998)). At the suppression hearing, Deputies Spence, Clayton, and Patrick all testified that none of the officers present at the scene told Morales " we can either do it the easy way or the hard way." Further, all of the deputies testified that Morales was not promised a reward or leniency or threatened in any way. Thus, the State met its burden of proving that Morales's statements were made voluntarily.
¶ 19. Accordingly, we find that the trial judge's decision to deny Morales's motion to suppress the incriminating statements made at the scene was not manifestly wrong or against the overwhelming weight of the evidence. This issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF POSSESSION OF MORE THAN FIVE KILOGRAMS OF MARIJUANA AND SENTENCE OF TWENTY-EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A FINE OF $50,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] The registration was a temporary registration, which was given to Morales incident to his recent purchase of the tractor/trailer.